**LANCASTER et al. v. SMITH et ux.**
**(No. 1369.)**

(Court of Civil Appeals of Texas. El Paso. Nov. 9, 1922. Rehearing Denied Nov. 29, 1922.)

**1. Carriers ⚖️405(1)—State statute forbidding limitation of liability and not federal regulations, held controlling in action for lost baggage.**

In a passenger's action for loss of baggage, Vernon's Sayles' Ann. Civ. St. 1914, art. 708, forbidding common carriers to limit their liability in any manner whatever, *held* controlling instead of the regulations promulgated by the Director General of Railroads during the period of federal control.

**2. Evidence ⚖️568(4) — Owner's opinion of value of baggage lost held proper test to fix damages.**

In a passenger's action for the value of lost baggage, the acquaintance of the owner with the value of the articles lost, where her testimony amounted only to an opinion as being based on the original cost and their condition at the time of loss, *held* proper test for fixing the value of personal effects, where not confined to the market value.

**3. Appeal and error ⚖️1011(1)—Finding on conflicting evidence conclusive.**

The court is not authorized on appeal to make a different finding of fact to that of the trial court, where the evidence is conflicting.

**4. Appeal and error ⚖️926(7)—Presumption that trial court was satisfied as to qualifications of expert as to value.**

Where, in an action by a passenger for lost baggage, the record failed to disclose whether the owner was qualified to testify as an expert as to values, it will be assumed that the court was satisfied as to her qualifications before admitting the testimony.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by H. L. Smith and wife against J. L. Lancaster and others, receivers. Judgment for plaintiffs, and defendants appeal. Affirmed.

S. N. Russell, of El Paso, for appellants.

Jones, Jones, Hardie & Grambling, of El Paso, for appellees.

HARPER, C. J. This is a suit for $2,900, the alleged value of a trunk and its contents, checked on first-class ticket from Fort Worth to El Paso and lost, or destroyed by fire.

Defendants answered by general denial, special exceptions to the effect, that certain of the articles enumerated by plaintiff were not legitimate baggage.

That it was accepted and transported under Baggage Tariff, No. 25–2 filed with the Interstate Commerce Commission by which the plaintiff is limited to 150 pounds and $120 value.

Tried by the court without a jury; judgment for $2,300. Appealed.

We adopt the following findings of fact made by the trial court:

"1. On or about the 18th day of February, 1921, Henrietta Smith, wife of the other plaintiff, purchased a first class ticket from a duly authorized agent of the defendants entitling her to passage over the line of the Texas & Pacific Railway Company, as a passenger, from Fort Worth, Texas, to El Paso, Texas, paying for said ticket the customary price.

"2. That she traveled on said ticket and checked her trunk containing the articles enumerated in the exhibit attached to plaintiff's petition.

"3. That in the course of transportation the said trunk and its contents were destroyed by fire through the negligence of defendants. That the articles in said trunk were such as would ordinarily be carried on a journey such as plaintiff was making for the purpose for which she was making the journey, save and except the Cluny table cloth.

"4. That at the time of their loss the trunk and its contents were of the reasonable total value to plaintiffs of the sum of $2,300, exclusive of the Cluny table cloth.

"5. That the defendants (receivers) issued to plaintiff, Mrs. Smith, a check for her trunk. That on said check it is stated, in substance, that their liability was limited to the extent of $100.

"6. That prior to October 1, 1919, the Director General of Railroads promulgated certain baggage tariff known and designated as Western Passenger Bureau Baggage tariff No. 25–2; said tariff became effective on October 1, 1919. The same, by its terms, applies to the Texas & Pacific Railway, which was operated by these defendants at the time herein relevant, and among other things provides:

" 'Rule 10. (a) Subject to limitations shown in rule 9, one hundred and fifty (150) pounds of baggage, not exceeding one hundred dollars ($100.00) in value, may be checked without additional charge for each adult passenger, and seventy-five (75) pounds not exceeding fifty ($50.00) dollars in value, for each child traveling on a half ticket.

" '(b) Passengers paying charges prescribed in rule 11 (b) for excess weight baggage will be entitled to an additional value allowance of 66⅔ cents for each pound of excess weight on which charges are paid. * * *

" 'Rule 11. (b) Excess Weight.—Excess weight rates will be based on the adult normal one-way fare via route of ticket and not on temporarily reduced, special, party, scrip, commutation or excursion fares.'

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

" '(d) Excess Value.—Unless a greater sum is declared by a passenger and charges prepaid for excess value (see note) at time of delivery to carrier, the value of property belonging to, or checked by a passenger, shall be deemed and agreed to be not in excess of the amount specified in rules 5, 6, and 10, and the carriers issuing and participating in this tariff will not accept claim for a greater sum in case of loss or damage.'

" 'If passenger declares according to the form prescribed by checking carrier, a greater value than specified in the rules mentioned in the preceding paragraph, there will be an additional charge at the rate of ten (10) cents for each one hundred dollars ($100.00) or fraction thereof, above such agreed maximum value.

" 'Charges for excess value should be prepaid whenever possible, and are separate and distinct from the charges for excess weight and size.'

I. "That Western Bureau Baggage Tariff No. 25-5, issued by the United States Railroad Administration, through its Director General September 16, 1919, mentioned in the court's original findings of fact and conclusions of law filed herein, was duly filed with the Interstate Commerce Commission on September 20, 1919, and duly published, and showed on its face that it applied to local and joint tariff of baggage rules, rates and charges applying at and between stations on the lines of railway that were parties thereto, and that the Texas & Pacific Railway was one of the lines on which said tariff applied, and that same was in force on said railway on February 18, 1921, and that copies of said tariff were on file in defendants' ticket office and baggage room at Fort Worth, where and at the time plaintiffs' ticket was purchased and her baggage checked."

II. "That plaintiffs' trunk and its contents weighed 180 pounds, and plaintiffs paid defendants $1.11 plus 9 cents war tax for 30 pounds excess weight on said baggage in accordance with rule 11 (b) and table "A" of said tariff, and that by the provisions of said tariff plaintiffs would be entitled to recover $20 on account of said excess weight of said baggage."

III. "That no excess value was declared or paid on plaintiffs' said baggage."

The first proposition is that the effect of the regulations copied above was to limit the appellants' liability to $120, and that the judgment in so far as it is for a greater sum is excessive. In the following cases the Courts of Civil Appeals upheld this contention: Payne v. McConnell (Tex. Civ. App.) 234 S. W. 942; San Antonio U. & G. R. Co. v. Nast (Tex. Civ. App.) 240 S. W. 596.

[1] The shipments in these cases were during federal control of the railways in question, whilst this shipment was after the expiration of the period of control. The Supreme Court of Texas has granted writs in both above cases, the following notation was made:

"We doubt whether the decisions of the U. S. Supreme Court required this decision by the Court of Civil Appeals."

We therefore hold that the regulations relied upon by appellants do not now control, if indeed they ever did, this shipment of baggage, but that article 708, Vernon's Sayles' Texas Statutes applies. It declares that common carriers "shall not limit or restrict their liabilities as it exists at common law, * * * or in any other manner whatever."

It is urged by special exception, and by objection to testimony, that certain items enumerated as being in the trunk were not legitimate baggage, therefore not to be recovered for. The answer to these assignments and propositions is that deducting the full value alleged and testified to of these articles, the amount allowed by the court does not appear to include the items. Appellee alleges value of $2,900, testifies to a value of approximately $3,000. The court finds a value of $2,300. And she testified to a value of about $400 of the articles charged not to be baggage.

[2] The other propositions are addressed to the question of the admissibility of and the sufficiency of the testimony of the owner to prove the value of the articles in the trunk. The objections to the admissibility are that the witness had not shown herself acquainted with values. That her testimony amounted only to a conclusion and opinion, in that she based her opinions upon the original costs of articles, and their condition at the time of the loss. These are proper tests for fixing values of personal effects where not confined to market value as in this case.

[3, 4] As to the propositions that the evidence does not support the judgment, and that the court erred in not making findings of value as to each particular article—we are not authorized to make a different finding to that of the trial court where the evidence is conflicting as in this case. As to the latter in fact it is doubtful whether there is any evidence of probative value except that of the plaintiff Mrs. Smith. She testified to the prices paid for the articles, and to the amount of use, etc., and fixed a definite value for each article. The record does not disclose whether there was any attempt upon the part of appellant to test her qualification to testify to values prior to being permitted to testify as one qualified as an expert, so it must be presumed that the court satisfied himself as to her qualifications in this respect. And there is really no other evidence of value, for the other witnesses made no pretense of having seen the articles, and only testified that, as to certain articles, the prices had gone down between the date of purchase as fixed by the witness and the date of their loss, therefore there was no necessity to make findings of value for each article.

Finding no error, the cause is affirmed.